IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DAVID PFUND                                                                                        PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 1:17cv101 HSO-JCG

SAAD ENTERPRISES, INC.                                                                         DEFENDANT

---

## COMPLAINT

### JURY TRIAL DEMANDED

---

Plaintiff, DAVID PFUND, complains of the Defendant as follows:

**PARTIES**

I.

The Plaintiff, David Pfund, is an adult resident citizen of the state of Mississippi residing at 8212 Daisy Vestry Road, Biloxi, Jackson County, Mississippi.

II.

The Defendant, Saad Enterprises, Inc. ("Saad"), is an Alabama corporation whose principal place of business is Mobile, Alabama. Saad conducts substantial business in the state of Mississippi and is subject to the jurisdiction of this Court. Saad may be served with process upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

As mandated by Miss. Code Ann. §15-1-36(15), Pfund has provided notice of the claim to Saad at least 60 days prior to commencing this action. In accord with Miss. Code Ann. § 11-1-58 (1972), a Certificate of Compliance is attached hereto.

## JURISDICTION AND VENUE

IV.

Jurisdiction is vested in this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

V.

Venue is proper in the Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. § 1391.

## FACTS

VI.

On or about November 2, 2015, Pfund was discharged from OU Medical Center in Oklahoma City, Oklahoma after undergoing an exploratory laparotomy with enterotomy and removal of obstructing gallstone. Post operatively Pfund developed a wound infection necessitating debridement and placement of a wound vac. Pfund was discharged to his home in Mississippi and home health was arranged for wound vac changes every Monday, Wednesday and Friday.

VII.

Subsequent to his discharge from OU, Saad agreed to provide the necessary skilled home health nursing care ordered by Pfund's physicians. On or about November 5, 2015, Saad dispatched a home health nurse to Pfund's residence and began providing nursing care approximately three times a week until the end of December 2015. The Saad nurses were at all times acting within the course and scope of their employment with Saad.

VIII.

In accord with the physician's orders, from November 5, 2015, until December 18, 2015, and consisting of 20 visits, Saad nurses were to remove the wound vac device from Pfund's abdominal wound, inspect and clean the wound and reapply the wound vac. The Saad nurses failed to follow the physicians' orders. In addition to this treatment and care, Saad nurses were to perform and document wound assessments. Saad nurses conducted a total of 24 visits with Pfund between November 5, 2015, and December 31, 2015.

IX.

The wound vac was discontinued on December 18, 2015, and beginning on or about January 4, 2016, the frequency of the skilled nursing visits decreased to once a week. During the weekly visits Saad nurses were to inspect and clean the wound and apply "wet to dry" dressings. Additionally, Saad was to continue documenting its wound assessments.

X.

While under the care of Saad nurses Pfund's abdominal wound became infected and ceased to heal properly.

XI.

On March 11, 2016, Pfund was examined by Dr. Brian Pitre for a wound check. Dr. Pitre observed and documented a non-healing wound with fiber like material protruding from the wound.

XII.

On April 18, 2016, Dr. Pitre performed an abdominal exploration with resection of infected chronic abdominal wall wound. During the operative procedure Dr. Pitre documented and removed a foreign object (gauze) from the abdominal wound. Thereafter Pfund's condition, including his abdominal wound, improved.

**NEGLIGENCE**

XIII.

Pfund re-alleges as though set forth in full herein the allegations of all previous paragraphs.

XIV.

At all times relevant, Saad held itself out to the public as a qualified and skilled home health nursing entity that employed a staff of nurses capable of providing and rendering unto Pfund skilled home health nursing care and services as required.

XV.

The treatment and care rendered by Saad failed to comply with the standard of care required of a minimally competent nurse and nursing entity. The actions, inactions, omissions and commissions of Saad nurses are imputed to Saad as a matter of law for which Saad is liable.

XVI.

Saad is liable to Fund in the following respects which proximately caused or contributed to his injuries:

A. Failing to render the minimum care required of a nurse and nursing entity providing skilled home health nursing care;

B. Negligently failing to remove all gauze or other foreign materials from Pfund's abdominal wound before cleaning the wound; and

C. Placing a foreign object into Pfund's wound and negligently failing to account for its placement while performing and upon conclusion of the skilled home health nursing care.

XVII.

While a patient of Saad and while under the exclusive care, custody and control of Saad, gauze was left within Pfund's body. Therefore, Pfund pleads the doctrine of *Res Ipsa Loquitur* against Saad.

XVIII.

As a direct and proximate result of the negligence of Saad, Pfund has incurred medical expenses, loss of income and pain and suffering and may incur medical expenses and pain and suffering in the future.

**WHEREFORE, PREMISES CONSIDERED**, David Pfund sues and demands sues and demands reasonable compensation of and from Saad Enterprises, Inc. together with all costs of this action.

Respectfully submitted this the ___7___ day of April, 2017.

**DAVID PFUND**

BY: _____
ROBERT P. MYERS, JR. (Bar No. 9007)

ROBERT P. MYERS, JR. (Bar No. 9007)
BEN F. GALLOWAY (Bar No. 4390)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:  (228) 868-2821
FAX:  (228) 868-2813
Email: rpm@owen-galloway.com
       bfg@owen-galloway.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID PFUND                                                                                  PLAINTIFF

VERSUS                                        CIVIL ACTION NO. _____

SAAD ENTERPRISES, INC.                                         DEFENDANT

**CERTIFICATE OF COMPLIANCE**

I, ROBERT P. MYERS, JR., of the law firm of Owen, Galloway & Myers, P.L.L.C., do hereby certify as follows:

1. This Certificate is executed in accord with Miss. Code Ann. § 11-1-58 (1972).

2. I have consulted with an expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to standard of care or negligence.

3. I reasonably believe the expert is knowledgeable of the relevant issues involved in this case and I conclude on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Respectfully submitted this the 7th day of April, 2017.

DAVID PFUND

BY: _____
ROBERT P. MYERS, JR. (Bar No. 9007)

ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: rpm@owen-galloway.com